UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TERRA INDUSTRIES, INC.                                   CIVIL ACTION

VERSUS                                                   NO. 08-5225

MEEKS DISPOSAL CORPORATION                               SECTION "N" (3)


# O R D E R   and   R E A S O N S

Before the Court in this diversity action is the **Motion for Summary Judgment (Rec.**

**Doc. 30)** filed by Defendant Meeks Disposal Corporation ("Meeks") pursuant to the Court's

Order of August 11, 2009, (Rec. Doc. 29) (hereinafter, "August 11th Order"). The motion is

opposed by Plaintiff Terra Industries, Inc. ("Terra"). After reviewing the memoranda, the

complaint, and the applicable law, the motion is granted in part and denied in part as stated

herein.

## I. BACKGROUND

The background of this case has been adequately described in prior Orders and the Court

will accordingly move directly to the analysis. *See* August 11th Order.

## II. ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

In the instant case, Plaintiff advances two theories, claiming that there is a genuine issue of material fact as to both. One theory is that the two companies had an oral contract. Under Louisiana law, an oral contract (where permitted) must be proved by at least one witness and other corroborating evidence. LA. CIVIL CODE art. 1846. Plaintiff supports its oral contract claims with two affidavits, one from James Staley and the other from Ramona Ward. *See* Opp. at Exs. 3, 4. In the August 11th Order, this Court ruled concerning Plaintiff's ability to call witnesses in light of Plaintiff's failure to timely file a witness and exhibit list pursuant to the

Scheduling Order:

> Plaintiff will be precluded from introducing any witness (besides *a corporate representative*) of whose existence Defendant was not on notice prior to May 22, 2009. Except for a corporate representative, the burden will be on Plaintiff to show that any witness it chooses to call was specifically disclosed (by name and contact information) to Defendant before that date.

August 11th Order, at *2 (emphasis added). This Order is very clear that Plaintiff will be allowed to call one corporate representative, not two. It is further apparent that Defendant has been on notice of Ramona Ward for some time, and at the pre-trial conference in this matter, counsel for Plaintiff identified Ms. Ward as its designated corporate representative. Pursuant to the August 11th Order, only Ms. Ward will be permitted to testify at trial. Further, because evidence that would not be admissible at trial is not competent to raise a genuine issue of material fact, the Court will disregard the affidavit of Mr. Staley in ruling upon this motion. Reviewing Ms. Ward's affidavit, she makes no assertion that there was an oral contract of any kind between these parties. Accordingly, Plaintiff has not presented a witness who can testify as to the existence of an oral contract between these parties and the motion is granted as to Plaintiff's claim in this regard.

The analysis is different as to Plaintiff's claim on an open account. In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. *CACV of Colorado, LLC v. Spiehler*, 11 So.3d 673, 675 (La. App. 2009); *Metal Coatings, L.L.C. v. Petroquip Energy Services, L.P.*, 970 So.2d 695, 698 (La. App. 2007); *Newman v. George*,

968 So.2d 220, 224 (La. App. 2007).

Though Plaintiff has attached reams of *Defendant's* billing statements, *see* Opp. at Ex. 1, in essence its proof of the existence of an open account comes down to a single spreadsheet showing billing dates, wire transfers from Meeks, and seven instances in which the wire transfer was short of the billing amount, for a total deficiency of $105,863.75. *See* Opp. at Ex. 2 (p.1). Defendant has not challenged the admissibility of this spreadsheet and it appears to have been timely produced by Plaintiff. Plaintiff also offers the aforementioned affidavit of Ramona Ward, in which she swears that this record was kept in the normal course of business and that it is accurate. *See* Opp. at Ex. 3 (¶¶3, 4). Defendant may challenge both this record and Ward's testimony on cross-examination, but these two documents are sufficient to make out a prima facie case for the existence of an open account and for Defendant's liability. Accordingly, the motion is denied in regard to this claim. This ruling is without prejudice as to Defendant's ability to challenge the admissibility of the aforementioned spreadsheet in a motion in limine on grounds that it was untimely produced. It is also without prejudice as to the Court's consideration of a properly supported motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure following the submission of evidence at trial**.**

### III. CONCLUSION

Considering the foregoing, the motion is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Plaintiff's oral contract claim and denied as to Plaintiff's open account claim.

**IT IS FURTHER ORDERED** that Plaintiff will make its corporate representative, Ramona Ward, available to Defendant's counsel for a deposition on or before the close of

business on Wednesday, August 26, 2009.

**IT IS FURTHER ORDERED** that, pursuant to Local Rules, any further pleadings in this matter by Plaintiff's counsel **<u>shall be electronically filed into the record</u>**, and not filed by hand in the Clerk's Office, unless counsel can show that he has been exempted from the electronic filing rule by the Clerk's Office.

New Orleans, Louisiana, this 20th day of August, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**
